UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYNEARIA A, VARLACK,

                          Plaintiff,

            -against-

BANK OF AMERICA; EARLY WARNING
SYSTEMS; CHEX SYSTEMS,

                          Defendants.

23-CV-6270 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tynearia A. Varlack, of Bronx County, New York, filed this *pro se* action. She sues Bank of America, Early Warning Systems, and Chex Systems, alleging that Defendants violated her rights. By order dated July 31, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro*

*se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action using the Court's general complaint form, invoking the Court's federal question jurisdiction. In the section that asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "UCC 1-308[,] US code 1681b[,] US code 1681." (ECF No. 2 at 2.) In her statement of claim, Plaintiff alleges the following:

> On 9-19-2018 there was a fraudulent account openend under my name without my consent and it has been reporting on my consumer report for 6 years now which is illegal, the banking system is dependent upon fair and accurate credit reporting. In accurate credit reports directly impairs the efficiency of the banking system & unfair credit reporting methods undermine the public confidence which is essential to continued functioning of the banking system. Now well if a negative account is on my consumer report & I can't use my consumer report in regards to that negative account how is the fair under the FCRA, how is it fair to me if I can't use my credit report.

(*Id.* at 5.)[1]

Plaintiff alleges that her injuries include "loss of credit, mental anxiety, deformation of character, I see a pschy." (*Id.* at 6.) By way of relief, Plaintiff states that she "want[s] the highest amount 7,000,000,000 for my damages." (*Id.*)

**DISCUSSION**

The Court construes Plaintiff's allegations as asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., based upon Plaintiff's citing federal statutes that govern accessing credit information and her allegations that Defendants violated her rights.

**A.    FCRA**

Congress enacted the FCRA to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C.

§ 1681(b). The FCRA regulates the activities of consumer reporting agencies and the use and

dissemination of consumer credit information. *See* 15 U.S.C. § 1681 *et seq*. The FCRA places

obligations on three types of entities involved in consumer credit: consumer reporting agencies,

users of consumer reports, and furnishers of information to consumer reporting agencies. *See Burns*

*v. Bank of Am.*, No. 03 Civ. 1685 (RMB) (JCF), 2003 WL 22990065, at *2 (S.D.N.Y. Dec. 18,

2003); *Redhead v. Winston & Winston P.C.*, No. 01-CV-11475 (DLC), 2002 WL 31106934, at *3

(S.D.N.Y. Sept. 20, 2002).

    1.    Reporting Inaccurate Information

    The FCRA imposes certain duties on entities furnishing information to consumer reporting

agencies. 15 U.S.C. § 1681s-2.[2] Subsection 1681s-2 (a) states that persons "shall not furnish any

information relating to a consumer to any consumer reporting agency if the person knows or has

reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681–2(a)(1)(A). But

"there is no private cause of action for violations of § 1681–2(a)." *Longman v. Wachovia Bank,*

*N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). This is because subsection (a) of the FCRA "shall be

enforced exclusively . . . by the Federal agencies and officials and the State officials identified in

section 1681s of this title." 15 U.S.C. § 1681–2(d); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F.

Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for

the FCRA limits the enforcement of this subsection to government agencies and officials.").

    Because Plaintiff asserts that Defendants placed inaccurate information on her credit report,

---

[2] The term "furnishers of information" is not defined in the statute, *see* 15 U.S.C. § 1681a, but it has been interpreted to mean "entities that transmit, to credit reporting agencies, information relating to debts owed by consumers," *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *3 (S.D.N.Y. May 16, 2005). The Court assumes for purposes of this order that Defendants are furnishers of information.

the Court construes this assertion as an allegation that Defendants reported inaccurate information to credit reporting agencies. This claim must be dismissed, however, because individuals do not have a private right of action under § 1681s–2(a).

    2.    Duty to Investigate

Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78. The FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)." *Id.* at 80.

A furnisher's duties under § 1681s–2(b) include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under Section 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Ga.*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Once a dispute has been raised, the FCRA does not require that a furnisher of information delete a consumer's disputed account, but rather "simply requires the furnisher of information to

investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, No.

12-CV-4992, 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016). To allege that an investigation

was unreasonable, Plaintiff must plead some facts about the nature of the dispute. *See, e.g.*, *Okocha*,

2010 WL 5122614, at *6 (examining the reasonableness of a furnisher of information's

investigation based upon "what it was told by the credit bureau").

Plaintiff's allegations are insufficient to state a valid FCRA claim. Plaintiff does not allege

that she disputed information that appeared on her credit report. The Court therefore grants Plaintiff

leave to replead this claim. If Plaintiff submits an amended complaint asserting a claim under

Section 1681s-2(b), she must plead some facts about what information Defendants are erroneously

reporting, that she raised a dispute as to that information, that Defendants investigated Plaintiff's

claims, and how Defendants' investigation was deficient.

**B.      New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group ("NYLAG"), which

maintains a free Clinic for Pro Se Litigants in the Southern District of New York that is staffed by

attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this

court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot

accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro

Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally

should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects

unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011);

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that

district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least

once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts to state a valid claim against Defendants under the FCRA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide facts about her claims against Defendants. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting her claims against each Defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what Defendants did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court what federally protected rights Defendants violated and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6270 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 16, 2023
        New York, New York

  /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
     ☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                   (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial         Last Name

_____
Street Address

_____
County, City                              State                Zip Code

_____        _____
Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 2:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 3:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 4:

First Name                            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.


a beneficiary of
UJA Federation
of New York